*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 16, 2026
11:28 AM

Plaintiff-Appellee,

V

No. 368871
Kent Circuit Court
LC No. 21-001564-FC

CORY DARIELL MCGILL,

Defendant-Appellant.

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for (1) two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(e) (weapon used); (2) one count of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84; (3) one count of domestic violence, third offense, MCL 750.81(5); (4) one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and (5) one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to serve (1) 35 to 80 years, (2) 5 to 10 years, (3) 3 to 5 years, (4) 3 to 5 years, and (5) 2 years in prison, for each count respectively.[1] We affirm.

## I. FACTS

This case arises out of a domestic violence incident that took place on January 7, 2021. Defendant and the victim had been in a romantic relationship in the past, and the two were parents of a 17-year-old child.

The victim testified that on the day of the incident, defendant picked her up from work and offered to buy her groceries on the way to her home; however, he did not take her grocery shopping and instead drove her to her apartment. On arrival, defendant asked to use the victim's bathroom.

---

[1] Defendant's sentences were to be served concurrently but consecutive to his felony-firearm sentence.

The victim relented and permitted defendant to enter her apartment. Once inside, the victim stated that defendant immediately became aggressive and attempted to take off her clothes. According to the victim's testimony, defendant was angry about his perception that the victim was seeing other men and became violent as the victim resisted. Eventually, defendant removed a gun from his waistband, and he threatened the victim and struck her in the face with it.

After hitting the victim several times, defendant sexually assaulted her on the floor. He then took the victim into her bedroom and sexually assaulted her on the bed. At one point, the two got into the adjoining bathroom and struggled over the gun. Two rounds were discharged into the wall, but the victim was not shot. When defendant had his back to the victim, looking for the victim's cell phone, the victim fled the apartment. The victim ran to her neighbors' doors and began banging on doors and yelling. One neighbor exited his apartment and saw the victim crumpled on the floor and a man descending the stairwell. The neighbor took the victim into his apartment and called 911. Defendant was arrested days later after a standoff with the special response team at a residence in Kent County.

At trial, defendant testified in his own defense, claiming that he acted in self-defense. The jury found defendant guilty, and the trial court sentenced defendant, as stated earlier.

## II. HABITUAL OFFENDER ENHANCEMENT

Defendant first argues that the trial court erred by denying his motion to dismiss the prosecutor's habitual offender enhancement. Defendant contends that the prosecutor's enhancement notice was not timely; therefore, he is entitled to resentencing without the enhancement. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Defendant preserved this issue by moving to dismiss the prosecutor's habitual offender enhancement in the trial court. See *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). The question of whether a defendant's due-process rights were violated by lack of notice of an enhancement is reviewed de novo. See *People v Walker*, 234 Mich App 299, 302; 593 NW2d 673 (1999). We also review de novo the proper interpretation and application of statutory language. *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008).

### B. ANALYSIS

Defendant was subject to the habitual offender enhancement under MCL 769.12, which states as follows:

> If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter . . . . [MCL 769.12(1).]

The prosecutor may seek to enhance a sentence under MCL 769.12 "by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." MCL 769.13(1). The notice "shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement" and "shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1)." MCL 769.13(2).

In this case, defendant's preliminary examination occurred on February 4, 2021. On the same day, defendant waived arraignment. Twenty-two days later, on February 26, 2021, the prosecutor filed defendant's information and habitual offender notice. Defendant moved to dismiss the habitual offender notice, arguing that it was untimely and improper because the prosecutor did not file the notice within 21 days of the preliminary examination and waiver of arraignment. The trial court rejected defendant's argument that the 21-day clock begins at preliminary examination or waiver of arraignment. Rather, the court determined that when an arraignment is waived, a habitual offender notice is timely if it is filed with the felony information. The trial court concluded that because defendant waived arraignment, the relevant date was the date the information was filed and, under that date, the notice was timely.

On appeal, defendant argues that the trial court erred by failing to consider MCR 6.112(C)'s requirement that the information be filed on or before the date set for arraignment, which in this case was February 4, 2021. But defendant is conflating his waiver of arraignment with "the date set for the arraignment." MCR 6.112(C). Because defendant waived his arraignment in this case: (1) there was no date set for arraignment, and (2) the prosecutor was required to provide notice of the enhancement "within 21 days after the filing of the information charging the underlying offense." MCL 769.13(1). The prosecutor ultimately filed defendant's information and notice of enhancement on the same day; therefore, the notice of enhancement was timely under MCL 769.13(1).[2] See *People v Marshall*, 298 Mich App 607, 626-627; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013) (concluding that a habitual offender enhancement notice—that was included in the prosecutor's filing of the information charging the underlying offense—was timely under MCL 769.13(1)).

Accordingly, the trial court did not err by denying defendant's motion to dismiss the prosecutor's habitual offender enhancement.

---

[2] Defendant argues that this interpretation of the court rule and statute may result in a defendant being "unsure" of what the charges against him may be. This argument is not convincing because when a defendant waives arraignment, he must acknowledge that he "received a copy of the information, has read or had it read or explained to him, [and] understands the substance of the charge . . . ." MCR 6.113(C). Although the information may be amended before it is ultimately filed with the trial court, like it was in this case, this requirement ensures that the defendant is adequately informed of the charges against him after the preliminary examination.

## III. SENTENCING

Defendant further argues that he is entitled to resentencing because, without the habitual offender enhancement, the trial court's sentence was outside of the recommended sentencing guidelines range, and the court did not articulate its reasons for exceeding the guidelines. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

A defendant is not required to take any special steps to preserve the argument that a sentence is not proportional. *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017). "Sentencing decisions are reviewed for an abuse of discretion . . . ." *People v Ventour*, 349 Mich App 417, 429; 27 NW3d 660 (2023) (quotation marks and citation omitted). "A trial court abuses its discretion if the imposed sentence is not proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

On appeal, challenges to within-guidelines sentences are reviewed for reasonableness. *People v Posey*, 512 Mich 317, 326; 1 NW3d 101 (2023) (*Posey I*).

> The proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." [*People v Posey*, 349 Mich App 199, 203-204; 27 NW3d 137 (2023) (quotation marks and citation omitted) (*Posey II*).]

"An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). "The key test is whether the sentence is proportionate to the seriousness of the matter." *Posey II*, 349 Mich App at 204. When a defendant challenges a within-guidelines sentence, there is a presumption of proportionality "through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Posey I*, 512 Mich at 359. "[T]o overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

In this case, defendant's only argument to the proportionality of his sentence is that if the habitual offender enhancement was removed, then defendant's sentence would reflect a departure from the guidelines that the trial court did not sufficiently explain. But as previously discussed, the trial court did not err by denying defendant's motion to dismiss the prosecutor's habitual offender enhancement. Accordingly, defendant received a within-guidelines sentence, which is presumed proportionate. See *Posey I*, 512 Mich at 359.

-4-

## IV. JUDICIAL MISCONDUCT

In his Standard 4 brief,[3] defendant further argues that the trial court plainly erred: (1) during voir dire and preliminary jury instructions when it stated that defendant had been convicted of "domestic violence third offense" and felon-in-possession, and (2) by failing to sua sponte investigate any possible jury taint. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

To preserve an argument that the trial court erred when instructing the jury, the defendant must timely object before the jury deliberates. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). Because defendant failed to make any such objection, that issue is not preserved. See *id*. "To preserve a claim that there was an irregularity warranting a mistrial, defendant had to move for a mistrial in the trial court and assert the same ground for relief before the trial court that he asserts on appeal." *People v Haynes*, 338 Mich App 392, 410; 980 NW2d 66 (2021). Because defendant did not move for a mistrial or request any other relief rising from his belief that the jury was tainted by the prosecutive juror's comments, that issue is also not preserved. See *id*.

Unpreserved arguments are reviewed for plain error affecting substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

### B. ANALYSIS

As an initial matter, the trial court's statements concerning defendant's felon-in-possession charge merely reiterated that the prosecutor must prove that defendant knowingly possessed a firearm before his right to do so had been restored in accordance with a previous felony conviction. See *People v Thigpen*, 349 Mich App 437, 454; 27 NW3d 647 (2023). Defense counsel stipulated to the fact that defendant was convicted of a prior felony and that his right to possess a firearm had not been restored. See MCL 750.224f. Therefore, the trial court did not exhibit any error in regard to its instructions concerning defendant's felon-in-possession charge.

But, as appellee acknowledges on appeal, the trial court erred by noting that defendant was charged with one count of "domestic violence third offense," instead of only "domestic violence," during its voir dire instructions. See *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued April 14, 2005 (Docket No. 253246), pp 1-2.[4] Regardless, any error was

---

[3] See Administrative Order No. 2004-6, 471 Mich ci, cii, Standard 4 (2004).

[4] Although unpublished "opinions are not binding precedent on this Court, we may consider them as instructive or persuasive." *People v Jamison*, 292 Mich App 440, 445; 807 NW2d 427 (2011). See MCR 7.215(C)(1).

mitigated in this case because the prosecutor flagged the issue, and defense counsel agreed that if the trial court: (1) reiterated to the jury that the information was not evidence or proof of guilt, and (2) only used the term "domestic violence" in the final jury instructions, then any error would be cured. See *id*. The trial court's final jury instructions comported with that agreement, effectively dispelling any notion that the jury considered the trial court's comments as evidence of defendant's guilt. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Accordingly, defendant has failed to show, in light of the cautionary instructions, that he was prejudiced by the trial court's comment. See *Brown*, unpub op at 2.

Defendant also argues that the trial court erred by failing to sua sponte investigate any possible jury taint after a potential juror, who was dismissed for cause, voiced that she: (1) did not "believe with multiple convictions, one of them being a third offense, that she" could be fair and impartial; and (2) had "an opinion on guns, too." "Defendant had the right to be tried by an impartial jury." *Haynes*, 338 Mich App at 411. "A trial court ensures that a jury is impartial by conducting voir dire and removing biased jurors before impaneling the jury: The purpose of voir dire is to elicit enough information for development of a rational basis for excluding those who are not impartial from the jury." *Id*. "To the extent that defendant maintains that the process did not result in an impartial jury, defendant has the burden to show that a particular juror was not impartial or, at the very least, that the juror's impartiality was in reasonable doubt." *Id*. In this case, the trial court and counsel for the parties explored whether the prospective jurors might have biases arising from the nature of the events at issue, and each of the empaneled jurors affirmed that they would be impartial and follow the trial court's instructions. "Jurors are presumed to follow their instructions and are presumed to be impartial." *Id*. at 416 (citations omitted). Accordingly, defendant has failed to show that any empaneled juror's impartiality was in reasonable doubt, and "it cannot be said that the trial court plainly erred by failing to sua sponte grant a mistrial." See *id*. at 411-416.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant further argues that defense counsel was ineffective for failing to request a jury instruction for the lesser included offense of AWIGBH: assault. In his Standard 4 brief,[5] defendant adds that defense counsel was ineffective for failing to request a: (1) jury instruction for the lesser included offense of AWIGBH: aggravated assault; (2) jury instruction for the lesser included offense of CSC-I: attempted CSC; and (3) mistrial or curative instruction regarding the trial court's mention of defendant's prior criminal history. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

A defendant can preserve a claim of ineffective assistance of counsel by raising the issue in a motion for a new trial or evidentiary hearing filed in the trial court, *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000), or in a motion to remand for an evidentiary hearing filed in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966

---

[5] See Administrative Order No. 2004-6, 471 Mich ci, cii, Standard 4 (2004).

NW2d 437 (2020). In this case, defendant did not move for a new trial or evidentiary hearing; therefore, these issues are not preserved. See *Abcumby-Blair*, 335 Mich App at 227; *Sabin*, 242 Mich App at 658.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008) (quotation marks and citation omitted), amended 481 Mich 1201 (2008). "When there has been no evidentiary hearing and no findings of fact by the trial court, this Court reviews de novo the entire record to determine whether the defendant's trial counsel's representation constituted ineffective assistance of counsel." *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010).

## B. ANALYSIS

Criminal defendants have the right to the effective assistance of counsel under the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. "To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Uphaus*, 278 Mich App 174, 185; 748 NW2d 899 (2008). "Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Id*. at 411.

Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Similarly, counsel's decision to forgo requesting a particular jury instruction can constitute sound trial strategy. See *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). This is particularly the case when counsel's strategy is an "all-or-nothing" defense in which counsel is attempting to obtain an acquittal in lieu of reduced charges. See *People v Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986) (stating that "[i]nstruction on lesser offenses might have reduced the chance of an acquittal" and "[d]efense counsel may have correctly assumed that the minimum sentence for the offense charged, if defendant should be convicted of it, would be no more than the probable minimum sentence for a conviction of a lesser included offense").

### 1. LESSER INCLUDED OFFENSE INSTRUCTION FOR AWIGBH

Defendant first contends his trial attorney was ineffective for failing to seek a lesser included instruction of misdemeanor assault or, in the alternative, aggravated assault. We disagree.

A court is required to give an instruction on a lesser included offense if the lesser included offense is necessarily included in the charged offense and the lesser included offense is supported by a rational view of the evidence. *People v Cornell*, 466 Mich 355, 357; 646 NW2d 127 (2002).

There is no dispute that misdemeanor assault is necessarily included in AWIGBH.[6] "The elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). In contrast, a person is guilty of misdemeanor assault if the person "assaults or assaults and batters another individual . . . ." MCL 750.81(1). As such, "[w]hat distinguishes the misdemeanors, simple assault and aggravated assault, from the felonies, assault with intent to do great bodily harm less than murder and assault with intent to murder, is the actor's intended result." *People v Van Diver*, 80 Mich App 352, 356; 263 NW2d 370 (1977).

On appeal, defendant argues that defense counsel should have requested a lesser included instruction; however, at trial, defendant testified in his own defense, claiming that he acted in self-defense. Therefore, suggesting to the jury that defendant was guilty of misdemeanor assault would have undermined defendant's argument that he did nothing wrong when he struck the victim. See *Dunigan*, 299 Mich App at 584. Defendant cannot overcome the strong presumption that defense counsel was attempting to employ a strategy that would have defendant acquitted if successful. See *Petri*, 279 Mich App at 410; *Robinson*, 154 Mich App at 94. "That the strategy [defense counsel] chose ultimately failed does not constitute ineffective assistance of counsel." *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

Moreover, had defense counsel sought such an instruction, it is likely the trial court would have denied it. *Cornell*, 466 Mich at 357 (stating that the court is only required to give a lesser included instruction if a rational view of the evidence supports it). In this case, the victim was subjected to a prolonged assault that only ended when she was able to escape her apartment and seek the assistance of a neighbor. When the victim left the apartment and reached her neighbor's door, she was unable to stand under her own power. The victim testified that she had been repeatedly struck with the handle of defendant's gun, cut with the shard of a lamp, and sexually assaulted twice. Officers who observed the crime scene noted that the scene was extremely bloody, and traces of blood were found inside and outside of the apartment. The sexual assault nurse examiner testified that there was not "any part of [the victim's] body that did not have some kind of visible injury." Moreover, the victim testified that during the incident, defendant told her that she was going "to die tonight . . . ." Accordingly, had defense counsel sought a lesser included instruction for AWIGBH, the trial court would have likely denied it for lack of congruity with the record. See *id*. Failure to advance a meritless argument does not constitute ineffective assistance of counsel. See *Snider*, 239 Mich App at 425.

---

[6] Appellee does assert, however, that aggravated assault is a cognate offense to AWIGBH. See *People v Brown*, 87 Mich App 612, 615; 274 NW2d 854 (1978) ("A comparison of the charged offense (assault with intent to commit great bodily harm less than murder) with the offense of which defendant was convicted (aggravated assault) demonstrates the overlapping of certain elements and common statutory purpose such that the two crimes may accurately be described as cognate."). Regardless, for reasons that will be discussed, a rational view of the evidence did not support an aggravated assault instruction; therefore, the trial court was not required to provide such an instruction. See *Cornell*, 466 Mich at 357.

## 2. LESSER INCLUDED OFFENSE INSTRUCTION FOR CSC-I

Defendant also argues that defense counsel was ineffective for failing to request a jury instruction for the lesser included offense of CSC-I: attempted CSC. But, to the extent that this is a lesser included offense, a rational view of the evidence at trial did not support such an instruction. See *Cornell*, 466 Mich at 357. Although defendant's testimony suggested that sexual penetration had not occurred before the incident escalated, the victim testified that there were two instances of sexual penetration, and a Michigan State Police DNA analyst testified that there was "very strong support that [defendant was] a contributor to that DNA profile from the [victim's] vulvar swabs . . . ." Accordingly, the trial court would have likely determined that a rational view of the evidence did not support an attempt instruction. See *id*. Failure to advance a meritless argument does not constitute ineffective assistance of counsel. See *Snider*, 239 Mich App at 425.

## 3. FAILURE TO REQUEST MISTRIAL OR CURATIVE INSTRUCTION

Defendant further argues that defense counsel was ineffective for failing to request a mistrial or curative instruction regarding the trial court's mention of defendant's prior criminal history. But as previously discussed: (1) the trial court did not exhibit any error in regard to its instructions concerning defendant's felon-in-possession charge; and (2) although the trial court erred by noting that defendant was charged with one count of "domestic violence third offense," instead of only "domestic violence," during its voir dire instructions, any error was mitigated by the trial court's curative instruction that defense counsel agreed to. It cannot be said that defense counsel was ineffective for failing to request an instruction when that very instruction was read to the jury. By agreeing with the court's handling of the issue, the question of whether the court erred in the first instance has been waived. *Carter*, 462 Mich at 214 ("A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal.") (quotation marks and citation omitted).

## VI. DOUBLE JEOPARDY

In his Standard 4 brief, defendant further argues that his right to be free from double jeopardy was violated when the court convicted him of domestic violence and AWIGBH. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Because defendant failed to raise the double jeopardy challenge at trial, this issue is not preserved. See *People v Wilson*, 242 Mich App 350, 359-360; 619 NW2d 413 (2000). Unpreserved arguments are reviewed for plain error affecting substantial rights. *Chelmicki*, 305 Mich App at 62.

### B. ANALYSIS

Both the United States and Michigan Constitutions protect against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy protects individuals in three ways: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3)

it protects against multiple punishments for the same offense." *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015) (quotation marks and citation omitted). "The multiple punishments strand of double jeopardy is designed to ensure that courts confine their sentences to the limits established by the Legislature and therefore acts as a restraint on the prosecutor and the Courts." *Id*. at 17-18 (quotation marks and citation omitted).

This Court employs the "abstract legal elements test" to determine whether two offenses are classified as the 'same offense' for double jeopardy purposes." *Id*. at 19 (quotation marks omitted). "Under the abstract legal elements test, it is not a violation of double jeopardy to convict a defendant of multiple offenses if each of the offenses for which defendant was convicted has an element that the other does not . . . ." *Id*. (quotation marks and citation omitted). In other words, two offenses are considered the same offense "where it is impossible to commit the greater offense without also committing the lesser offense." *Id*.

Defendant fails to analyze the elements of each offense on appeal. Quite plainly, however, a conviction of domestic violence contains an element that AWIGBH does not: the existence of a domestic relationship. MCL 750.81(2). Moreover, the statute governing AWIGBH specifically states, "This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section." MCL 750.84(3). Because domestic violence contains an element that AWIGBH does not, defendant's right to be free from double jeopardy was not violated, and the trial court did not plainly err in allowing the separate convictions.

Affirmed.

/s/ Matthew S. Ackerman
/s/ James Robert Redford
/s/ Kathleen A. Feeney